**In re Daniel Ray BROCK, Debtor.**

**Ellen BOYD–SMITH, Plaintiff,**

v.

**Daniel Ray BROCK, Defendant.**

**Bankruptcy No. 96–2647–RLB–7.**
**Adversary No. 96–301.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

March 13, 1997.

J. Bradley Schooley, Hostetler & Kowalik, Indianapolis, IN, for plaintiff.

Stuart T. Bench, Indianapolis, IN, for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ENTRY ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Complaint to Determine Dischargeability of Indebtedness ("Complaint"), filed by Ellen Boyd–Smith ("Creditor") on August 1, 1996. A hearing on the Complaint was held on March 12, 1997. The Court, having reviewed the Complaint and the matters presented at the March 12, 1997 hearing, now makes its

### Findings of Fact

1. Daniel Ray Brock ("Debtor") filed a petition under Chapter 7 on March 25, 1996. The Creditor then filed the instant Complaint, in which she alleges the debts she is owed are non-dischargeable pursuant to 11 U.S.C. § 523(a)(15).[1]

2. The Creditor is the former spouse of the Debtor. The marriage of the parties was dissolved in 1995, after a contested hearing regarding custody, visitation, and the splitting of the marital assets and debts.

3. Pursuant to the dissolution decree ("Dissolution Decree"), the Creditor was awarded custody of the parties' two sons.[2] The Debtor was ordered to pay $238.00 per week in child support. The dissolution court awarded approximately half of the marital assets to each spouse. The Debtor was awarded the marital residence, and the Creditor was awarded a judgment in the amount of $11,603.94 (the "Judgment Debt"). The Debtor was ordered to pay three credit card debts totaling $8,919.63 (the "Credit Card Debt"). The Creditor was ordered to pay the remaining credit card debts totaling approximately $3,400, as well as the debt for the automobile she was awarded. Plaintiff's Exhibit 12.

4. The Debtor has been employed at several different places since the dissolution. During one of his periods of unemployment, the Debtor stopped making the mortgage payments on the marital residence, and vacated the house. The Debtor then quitclaimed his interest in the house to the Creditor. After the mortgage lender filed a foreclosure action against the property, the Creditor had repairs made to the house, and was eventually able to sell the house for $85,000. The proceeds of the sale were used to pay the first mortgage, pay the $11,603.94 Judgment Debt owed to the Creditor plus interest, pay the costs of sale, pay child support arrearages, and reimburse the Creditor for the expenses she incurred in repairing the house.[3] Plaintiff's Exhibit 6. The

---

1. In the Complaint, the Creditor also alleges that the debts she is owed are non-dischargeable pursuant to 11 U.S.C. Section 523(a)(5). At the March 12, 1997 hearing, the Creditor went forward only on her Section 523(a)(15) theory; accordingly, the Court addresses only the Creditor's Section 523(a)(15) allegations in this Entry.

2. The older child, Kyle Mitchell Brock, is the Creditor's son from a prior marriage. During the course of the parties' marriage, the Debtor adopted Kyle. The younger child, Zachary Ray Brock, was born during the parties' marriage.

3. The parties are engaged in ongoing litigation in state court concerning the amount the Creditor alleges she is still owed for the cost of repairing the house prior to sale. By the Court's decision today, the Court makes no finding regarding the

Debtor is now current on his child support obligations.

5. The Debtor is now employed at Allison, and makes approximately $14 per hour. The Debtor's gross monthly income is $3,101.72 (inclusive of overtime), and the Debtor's monthly expenses are $3,065.25, leaving a net amount available for payment to creditors of $36.47. Defendant's Exhibit C.

6. The Creditor has made payments totaling $3,356.00 to reduce the Credit Card Debt that the dissolution court ordered the Debtor to pay. The balance of the Credit Card Debt is now $5,528.00. Plaintiff's Exhibit 9.

Based on the foregoing Findings of Fact, the Court now makes its

*Conclusions of Law*

1. The Court has jurisdiction to decide this matter. 28 U.S.C. §§ 1334(a), 157(b)(2)(I).

2. 11 U.S.C. § 523(a)(15) excepts from discharge debts commonly known as "property settlement debts", unless certain exceptions are met. Section 523(a)(15) provides as follows:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

....

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation ... unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to

amount, if any, of the debt the Creditor claims

a spouse, former spouse, or child of the debtor....

3. Where a creditor seeks to have a debt declared non-dischargeable under one of the subsections of Section 523(a), the burden of proof typically rests on the creditor seeking the non-dischargeability determination. The structure of Section 523(a)(15), however, calls for a different allocation of the burden of proof. *In re Slover,* 191 B.R. 886 (Bankr.E.D.Okla.1996). This court has adopted the rule that under Section 523(a)(15), the Creditor has the *initial* burden of proving that the debt in issue is not of the kind described in 11 U.S.C. § 523(a)(5), *i.e.,* that the debt in issue is a "property settlement debt" rather than a "support debt". *Matter of Strayer,* 228 B.R. 211 (1996). After the creditor makes the initial showing, the burden of proof then shifts to the debtor to prove that the debt in issue is dischargeable.

4. Sub-sections (A) and (B) of Section 523(a)(15) are written in the disjunctive. Accordingly, a debtor "must meet the burden on only one of the two prongs of Section 523(a)(15) to prevent the debt from being excepted from discharge." *Matter of Strayer, citing In re Florez,* 191 B.R. 112, 115 (Bankr.N.D.Ill.1995). To prove dischargeability, a debtor must prove at least one of the following: (A) that he does not have the ability to pay the debt in issue, or (B) that the benefit of discharge to the debtor is greater than the detriment of discharge to the non-debtor. *Matter of Strayer.*

5. The Creditor has asked the Court to determine the dischargeability of both the Judgment Debt and the Credit Card Debt. Because the Judgment Debt has been paid in full from the proceeds of the sale of the marital residence, the issue of the dischargeability of the Judgment Debt is at this point moot. For that reason, the Court declines to rule on the dischargeability of the Judgment Debt. Consequently, the only issue remaining before the Court is the dischargeability of the Credit Card Debt.

she is owed, or the nature of the alleged debt.

818

6. Having reviewed the evidence before the Court, the Court concludes that the Debtor does not have the ability to pay the Credit Card Debt. After payment of his monthly expenses, the Debtor has only $36.47 available for payments to creditors. That sum is insufficient to make any significant payment toward the Credit Card Debt.

7. The Court notes that it is not likely that the Debtor's economic situation could be significantly improved, either through a reduction in expenses or an increase in income. The Debtor's expenses are necessary and reasonable in amount. The Debtor currently is residing with his parents.[4] If the Debtor became unable to reside with his parents at some point in the future, his monthly expenses will increase significantly. The Debtor's current earnings are approximately what his earnings were at the time of the dissolution. Because the Debtor has only recently become employed at his current employer's business, his prospects are not good for working overtime hours. It is unlikely that the Debtor will receive any increases in pay in the next few years other than minimal increases pursuant to his union-negotiated contract.

8. Having found that the Debtor has met his burden of proof under Section 523(a)(15)(A), it is not necessary to reach the balancing-of-hardship test set out in Section 523(a)(15)(B). For all the foregoing reasons, it is the conclusion of the Court that the Debtor does not have the ability to pay the Credit Card Debt, and that the Credit Card Debt is not rendered non-dischargeable by Section 523(a)(15).

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the issue of the dischargeability of the Judgment Debt is moot. It is further ORDERED, ADJUDGED AND DECREED that the Credit Card Debt be, and hereby is, DECLARED to be not rendered non-dischargeable by Section 523(a)(15).

---

**4.** To arrive at a figure for his food, utilities, and housing expenses, the Debtor took one-third of the total monthly expenses for his parents' household.